IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEHIGH VALLEY RESTAURANT GROUP, INC, *Plaintiff*<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC., *Defendant* | Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Lehigh Valley Restaurant Group, Inc., by its undersigned counsel, brings this action against Red Robin International, Inc., of which the following is a statement:

1. Plaintiff is Lehigh Valley Restaurant Group, Inc., a Pennsylvania corporation which has a principal office and place of business at 6802-A Hamilton Blvd., Allentown, Lehigh County, Pennsylvania 18106 ("Lehigh Valley").

2. Defendant is Red Robin International, Inc., a Nevada corporation which has a principal office and place of business at 6312 S. Fiddlers Green Circle, #200N, Greenwood Village, Colorado 80111 ("Defendant" or "Red Robin"). At the time the relevant agreements between Lehigh Valley and Red Robin were initially entered into, Red Robin was a Nevada corporation headquartered in California, but since relocated its headquarters to Colorado.

### Jurisdiction and Venue

3. This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

1

4967977.10

4.   This Court has personal jurisdiction over Defendant in that Defendant has established minimum contacts with Pennsylvania.  Defendant regularly conducts business in Pennsylvania in that dozens of its Red Robin restaurants are operated in this State, and Defendant has applied for and has held since 1994 a Certificate of Authority to conduct business as a foreign corporation. Furthermore, the claims asserted herein are related to or arise out of Defendant's contacts with Pennsylvania.

5.   Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S. C. § 1391(b) in that a substantial portion of the events and omissions giving rise to this claim occurred within this Judicial District.

## Factual Background

6.   Lehigh Valley in engaged in the business of owning and operating Red Robin restaurants and currently owns and operates twenty-one (21) such franchised Red Robin restaurants throughout Pennsylvania.

7.   Lehigh Valley's business is exclusively dedicated to operating Red Robin restaurants.

8.   Lehigh Valley established its first Red Robin restaurant in 1993 pursuant to a franchise agreement with Red Robin.

9.   Since inception of the parties' relationship and for a period of many years, Lehigh Valley and Defendant had enjoyed a good working relationship, and Lehigh Valley and several of its Red Robin restaurant locations have been recognized by Red Robin for outstanding performance and exemplary compliance with the Red Robin system.

## The Tilghman Agreement

10. Lehigh Valley and Red Robin executed the first franchise agreement dated June 19, 1992 ("Tilghman Agreement") in which Red Robin agreed to grant Lehigh Valley a franchise to operate a Red Robin restaurant near Allentown, Pennsylvania ("Tilghman Restaurant").

11. The Tilghman Agreement provided that the initial term for the franchise was twenty (20) years from the date the Tilghman Restaurant opened on August 2, 1993, to expire on August 1, 2013.

12. The Tilghman Agreement further provided that Lehigh Valley had the right to extend the term of the franchise for the Tilghman Restaurant for an additional ten (10) years.

## The Northampton Agreement

13. Lehigh Valley and Red Robin executed a second franchise agreement dated February 20, 1995, and effective May 30, 1995 ("Northampton Agreement") in which Red Robin agreed to grant Lehigh Valley a franchise to operate a Red Robin restaurant near Easton, Pennsylvania ("Northampton Restaurant").

14. The Northampton Agreement provided that the initial term for the franchise was twenty (20) years from the date the Northampton Restaurant opened on November 27, 1995, to expire on November 26, 2015.

15. The Northampton Agreement further provided that Lehigh Valley had the right to extend the term of the franchise for the Northampton Restaurant for an additional ten (10) years.

## The Area Development Agreement

16. On or about June 30, 1995, Red Robin and Lehigh Valley, as Developer, entered into the Red Robin Burger & Spirits Emporiums Development Agreement ("Area Development Agreement") whereby Red Robin granted Lehigh Valley, *inter alia,* the rights to develop franchised five (5) Red Robin restaurants in the specified development territory.

## The Phoenix Agreement

17. On or about March 6, 1999, Lehigh Valley and Red Robin entered into a License/Franchise Agreement Addendum dated March 5, 1999 (the "Phoenix Agreement").

18. The Phoenix Agreement was negotiated and executed in Phoenix, Arizona.

19. As set forth more particularly in the Phoenix Agreement, the parties agreed to modify the terms of Lehigh Valley's existing Red Robin restaurant franchise agreements regarding the requirements necessary for Brand Facility and Update and décor change compliance. Red Robin's Brand Transformation Initiative ("BTI") is a Facility Evolution Update involving both internal and external décor changes.

20. As set forth more particularly in the Phoenix Agreement, Red Robin granted Lehigh Valley the right to use the 1995 Northampton Crossings form of franchise agreement("Franchise Agreement Form") for future renewals of franchise rights in its territory.

21. As set forth more particularly in the Phoenix Agreement, Red Robin granted Lehigh Valley the use of the then current form of Area Development Agreement ("Development Agreement Form") for purposes of expansion in its territory.

22. In accordance with the Phoenix Agreement, the parties renewed and extended the Area Development Agreement for a period of seven (7) years.

23. On or about August 24, 2000, upon full performance by Lehigh Valley of all of its obligations under the Area Development Agreement and giving of the appropriate notice, in accordance with the Phoenix  Agreement, the parties renewed and extended the Area Development Agreement for a period of seven (7) years in the Development Agreement Form required by the Phoenix Agreement, by executing an ADA Amendment, Expansion and Extension agreement ("Amendment #1").

24. Under Amendment #1, Red Robin granted Lehigh Valley the right to open seven (7) new Red Robin restaurants on or before December 31, 2007, within its development territory.

25. Red Robin and Lehigh Valley agreed in Amendment # 1 that the Phoenix Agreement would be specifically incorporated in and made part of the Area Development Agreement and would control over contrary provisions of the Area Development Agreement.

26. On or about March 5, 2003, upon full performance by Lehigh Valley of all its obligations under the Area Development Agreement and the giving of appropriate notice, the parties renewed and extended the Area Development Agreement for a period of five (5) years in the Development Agreement Form required by the Phoenix Agreement by executing a Second Amendment to Area Development Agreement ("Amendment #2").

27. Under Amendment #2, Red Robin granted Lehigh Valley the right to open eight (8) new Red Robin restaurants on or before December 31, 2008.

28. On or about August 16, 2005, upon full performance by Lehigh Valley of all its obligations under the Area Development Agreement and the giving of appropriate notice, the parties renewed and extended the Area Development Agreement for a period of four (4) years in the Development Agreement Form required by the Phoenix Agreement by executing a Third Amendment to Area Development Agreement ("Amendment #3").

29. Under Amendment #3, Red Robin granted Lehigh Valley the right to open four (4) new Red Robin restaurants on or before December 31, 2009.

30. On or about August 10, 2007, upon full performance by Lehigh Valley of all its obligations under the Area Development Agreement and the giving of appropriate notice, the parties renewed and extended the Area Development Agreement for a period of seven (7) years in the Development Agreement Form required by the Phoenix Agreement by executing a Fourth Amendment to Area Development Agreement ("Amendment #4").

31. Under Amendment #4, Red Robin granted Lehigh Valley the right to open five (5) new Red Robin restaurants on or before December 31, 2014, the parties agreed to further expand the terms of the Area Development Agreement and Addendum, enlarged the development territory, and refined and agreed upon the terms by which Lehigh Valley would develop additional restaurants.

**Renewals and Attempted Renewals.**

32. In or around September 2010, Red Robin installed a new management team and new chief executive officer.

33. On or about December 8, 2012, Lehigh Valley provided timely notice of the exercise of its option to renew the term of the Tilghman Agreement in the Franchise Agreement Form required by the Phoenix Agreement for a period of ten (10) years upon its scheduled date of expiration on August 1, 2013.

34. Despite the repeated requests of Lehigh Valley, Red Robin failed to provide a franchise renewal agreement prior to the expiration of the initial twenty (20) year term of the Tilghman Agreement on August 1, 2013.

35. On or about August 15, 2013, in violation of the express provisions of the Tilghman Agreement, Red Robin provided to Lehigh Valley's Chief Executive Officer for signature an agreement entitled "First Amendment," extending the term of the Tilghman Agreement for a period of six (6) months until February 1, 2014, rather than ten (10) years to August 1, 2023.

36. When Lehigh Valley refused to accept an extension of six (6) months instead of ten (10) years, Red Robin delivered to Lehigh Valley's Chief Executive Officer for signature, in violation of the terms of the Phoenix Agreement, a franchise renewal agreement which was not in the Franchise Agreement Form.

37. Lehigh Valley prepared a form of franchise renewal agreement in the Franchise Agreement Form required by the Phoenix Agreement on November 7, 2013, and provided it to Red Robin, executed by Lehigh Valley's chief executive officer and accompanied with the required franchise renewal fee of $17,500.00.

38. After many requests by Lehigh Valley, Red Robin ultimately executed the franchise renewal agreement in the Franchise Agreement Form required by the Tilghman Agreement and the Phoenix Agreement on or about January 24, 2014, six (6) months after the initial expiration of the twenty (20) year term.

39. On or about January 24, 2014, upon full performance by Lehigh Valley of all of its obligations under the Area Development Agreement and the Phoenix Agreement, Lehigh Valley provided timely notice of the exercise of its option under Section 1.3 of the Area Development Agreement to extend and renew its rights for an additional term, and at the same time submitted a Fifth Amendment to the Area Development Agreement extending and renewing the Area Development Agreement in the Area Development Agreement Form required by the Phoenix.

40. Red Robin has unreasonably and unlawfully failed and refused to enter into a renewal and extension of the Area Development Agreement.

41. On March 4, 2015, Lehigh Valley, being in all respects in compliance with all of its obligations under the Northampton Agreement and the Phoenix Agreement, provided timely notice of the exercise of its option to renew the Northampton Agreement in the Franchise Agreement Form required by the Phoenix Agreement for a period of ten (10) years upon its scheduled date of expiration on November 26, 2015.

42. On or about September 2, 2015, Lehigh Valley executed a franchise renewal agreement in the Franchise Agreement Form required by the Phoenix Agreement and in the same

form executed by the parties with respect to the Tilghman Agreement, renewing the

Northampton Agreement for a term of ten (10) years, and accompanied with the required

franchise renewal fee of $17,500.00.

43. Red Robin has unreasonably and unlawfully failed and refused to acknowledge

Lehigh Valley's exercise of its right to renew the Northampton Agreement.

<strong>Count I – Breach of Contract</strong><br>Area Development Agreement

44. Lehigh Valley incorporates by reference all preceding paragraphs.

45. Lehigh Valley has fully performed all of the significant business requirements that the

Area Development Agreement and Addendum, and Amendments #1, #2, #3 and #4 require it to

do.

46. Lehigh Valley provided timely notice of the exercise of its option under Section 1.3

of the Area Development Agreement to extend and renew its rights for an additional term, and at

the same time submitted a Fifth Amendment to the Area Development Agreement extending and

renewing the Area Development Agreement in the Area Development Agreement Form required

by the Phoenix.

47. Red Robin has unreasonably and unlawfully failed and refused to agree to an

extension of the Area Development Agreement but rather is attempting to coerce Lehigh Valley

to agree to requirements contrary to the Area Development Agreement and the Phoenix

Agreement:

    a.  An agreement from Lehigh Valley to conform to the Red Robin current BTI prior to other franchisees and contrary to good business practices;

b.   An agreement from Lehigh Valley that all of its locations will implement the current BTI by 2018, a condition that is both impractical for Lehigh Valley and against good business practices; and

c.   An agreement from Lehigh Valley to conform to the current BTI prior to Red Robin's own deadline to do so.

48. Lehigh Valley has relied on Red Robin's promises from and after implementation of the Area Development Agreement and four additional Addendums which authorize Lehigh Valley to choose the development model for its franchise agreements.

49. Lehigh Valley has chosen the Northampton Crossings form of agreement as it is entitled to do.

50. At no time prior to January 24, 2014, did Red Robin pose any objection to Lehigh Valley's utilization of the Northampton Crossings form of agreement.

51. Lehigh Valley is the most successful of any of Red Robin's franchisees in terms of sales.

52. Red Robin has unreasonably and unlawfully failed and refused to enter into a renewal of the Area Development Agreement and therefore is in breach of the Area Development Agreement.

53. As a result of this breach, Lehigh Valley has been prevented from developing additional Red Robin franchised restaurants and has thereby been substantially harmed in the nature of lost business opportunities.

54. As a result of this breach, Lehigh Valley has been exposed to liability for, *inter alia*, rent and other damages under a lease agreement in place for one of the proposed franchised restaurants to be developed under the Area Development Agreement.

55. As a result of this breach, Lehigh Valley has sustained damages in excess of $75,000 exclusive of interest and costs.

## Count II – Breach of Duty of Good Faith and Fair Dealing
Area Development Agreement

56. Lehigh Valley incorporates by reference all preceding paragraphs.

57. At its inception, Red Robin developed its business through franchise agreements such as those with Lehigh Valley.

58. Through its franchisees, the Red Robin brand has grown substantially and has become a very profitable enterprise.

59. Lehigh Valley is the most successful of any of Red Robin's franchisees in terms of sales.

60. Lehigh Valley has transformed five of its 21 stores to Red Robin's current BTI and has met the schedule imposed by Red Robin for this compliance.

61. Lehigh Valley has fully performed all of the significant business requirements that the Area Development Agreement and Addendum, and Amendments #1, #2, #3 and #4 require it to do.

62. Lehigh Valley provided timely notice of the exercise of its option under Section 1.3 of the Area Development Agreement to extend and renew its rights for an additional term, and at the same time submitted a Fifth Amendment to the Area Development Agreement extending and renewing the Area Development Agreement in the Area Development Agreement Form required by the Phoenix.

63. Since January 24, 2014, Lehigh Valley has negotiated in good faith with Red Robin to establish the terms of an extension to the Area Development Agreement and Addendum.

4967977.10                                        10

64. Red Robin has unreasonably and unlawfully failed and refused to negotiate in good faith but rather is attempting to coerce Lehigh Valley to agree to requirements contrary to the Area Development Agreement and Addendum and Amendments in that it seeks:

      a.   An agreement from Lehigh Valley to conform to the Red Robin current BTI prior to other franchisees and contrary to good business practices;

      b.   An agreement from Lehigh Valley that all of its locations will implement the current BTI by 2018, a condition that is both impractical for Lehigh Valley and against good business practices; and

      c.   An agreement from Lehigh Valley to conform to the current BTI prior to Red Robin's own deadline to do so.

65. Lehigh Valley's right to renew the Area Development Agreement was a material provision of the agreement and is a significant benefit of the agreement.

66. Lehigh Valley has relied on Red Robin's promises from and after implementation of the Area Development Agreement and Addendum which authorize Lehigh Valley to choose the development model for its franchise agreements.

67. At no time prior to January 24, 2014, did Red Robin pose any objection to Lehigh Valley's utilization of the Northampton Crossings form of agreement.

68. Red Robin has unreasonably and unlawfully failed and refused to enter into a renewal of the Area Development Agreement and Addendum and therefore is in breach of the Area Development Agreement.

69. The Area Development Agreement and Addendum contains an implied covenant of good faith and fair dealing.

70. The implied covenant of good faith and fair dealing operates as a supplement to the express contractual covenants to prevent Red Robin from engaging in conduct which frustrates Lehigh Valley's right to the benefits of its contract.

71. The implied covenant of good faith and fair dealing creates a duty of good faith and fair dealing in the enforcement and performance of the Area Development Agreement and Addendum.

72. The implied covenant of good faith and fair dealing imposes upon Red Robin the duty to refrain from doing anything which would render performance of the Area Development Agreement and the Addendum impossible by its own act, but also the duty to do everything that the Area Development Agreement and Addendum presupposes that it will do to accomplish its purpose.

73. It is reasonably believed and therefore averred that Red Robin has refused to acknowledge renewal of the Area Development Agreement and consideration of additional Lehigh Valley Red Robin franchised restaurants, not for any legitimate business reason, but rather out of retribution.

74. Red Robin was actively considering and reviewing the approval of the Area Development Agreement renewal and a related Red Robin franchise location proposed by Lehigh known as Lansdale.

75. Red Robin abruptly discontinued this review and any further consideration of this proposed location, not for any legitimate business reason, but rather, by letter dated April 27, 2015, cited unrelated litigation that had been filed against it by the Red Robin Franchise Association (of which Lehigh Valley is a member) as a basis for refusing further consideration.

76. Disregarding any contractual obligation it may have had, Red Robin took the position that it "is not moving forward on any new [area development agreements] or individual site approvals until the pending litigation is resolved."

77. Red Robin thereafter insisted on the additional requirements and refused to renew the Area Development Agreement or review and proposed locations.

78. Red Robin most recently has indicated its displeasure with the Red Robin Franchisee Association (which is comprised of Red Robin franchisees), and, as evidence by its position to renewal of Lehigh Valley's Area Development Agreement, has resorted to retaliatory actions.

79. Red Robin's actions and inactions serve to deprive Lehigh Valley of its benefit of a material provision of its bargain as was contemplated when the relationship was formed.

80. Red Robin's actions and failures to act are contrary to good business practices in that they serve to prevent Lehigh Valley from developing new Red Robin franchised restaurants and thereby expanding Red Robin's profitability and market share.

81. By its actions and inactions as set forth above, Red Robin is in breach of its duty of good faith and fair dealing.

82. As a result of this breach, Lehigh Valley has been prevented from developing additional Red Robin franchised restaurants and has thereby been substantially harmed in the nature of lost business opportunities

83. As a result of this breach, Lehigh Valley has sustained damages in excess of $75,000 exclusive of interest and costs.

## Count III – Breach of Contract
### Northampton Franchise

84. Lehigh Valley incorporates by reference all preceding paragraphs.

85. Lehigh Valley has operated the Northampton Restaurant for over 20 years in compliance with the Northampton Agreement, and currently employs more than 100 employees at this location.

86. Lehigh Valley has fully performed all, or substantially all of the significant business requirements that the Northampton Agreement, as modified by the Phoenix Agreement, require it to do.

87. On March 4, 2015, Lehigh Valley timely provided notice of its intent to renew the Northampton Agreement and exercised its option to do so.

88. In March 2015, Lehigh Valley was in full compliance with its renewal obligations.

89. On or about September 2, 2015, Lehigh Valley executed a franchise renewal agreement in the form agreed upon by the parties, renewing the Northampton Agreement for a ten-year term, and sent it to Red Robin with a check for the required $17,500 renewal fee.

90. Lehigh Valley has continued to operate the Northampton Restaurant in full compliance with Red Robin 's required policies and procedures, and Red Robin has accepted Lehigh Valley's franchise fee payments without complaint or reservation, including royalty payments for operation of the Northampton Restaurant after the alleged expiration date of the franchise.

91. Red Robin has unreasonably and unlawfully failed and refused to recognize the renewal of the Northampton Agreement, but rather has insisted that Lehigh Valley comply with requirements that are contrary to the Northampton Agreement and Phoenix Agreement.

92. Lehigh Valley's first renewal of one of its Red Robin franchised restaurants involved a location known as Tilghman Square.

93. The Tilghman Square franchise and renewal was governed by agreements identical to those at issue with the Northampton Franchise.

94. Red Robin initially offered a limited six month renewal for Tilghman Square, but eventually acknowledged Lehigh Valley's right to a ten-year renewal under the Northampton Crossing form of franchise.

95. The steps taken by Lehigh Valley to exercise of its right to renew the Northampton Restaurant Franchise were substantially identical to those in renewing its Tilghman Square franchise; however, Red Robin has nevertheless refused to acknowledge Lehigh Valley's exercise of the Northampton Restaurant renewal.

96. Red Robin has unreasonably and unlawfully failed and refused to acknowledge Lehigh Valley's right to renew the Franchise in breach of its duty of good faith and fair dealing under the Northampton Agreement and Phoenix Agreement.

97. As a result of this breach, Lehigh Valley has sustained damages in excess of $75,000 exclusive of interests and costs.

### Count IV – Breach of Duty of Good Faith and Fair Dealing
Northampton Franchise

98. Lehigh Valley incorporates by reference all preceding paragraphs.

99. Lehigh Valley has performed all, or substantially all, of the significant actions that the Northampton Agreement, as modified by the Phoenix Agreement, requires it to perform.

100.   Since March 4, 2015, Lehigh Valley has acted in good faith to perform its obligations to exercise its right to renew the Franchise.

101.   Red Robin has unreasonably and unlawfully failed and refused to acknowledge Lehigh Valley's timely and proper exercise of its right to renew and instead has insisted that Lehigh Valley comply with requirements that are contrary to the agreements between the parties.

102.    Lehigh Valley's right to renew the Franchise under the Northampton Agreement was a material provision of the agreement and is a significant benefit of the agreement.

103.    Red Robin has unreasonably and unlawfully failed and refused to acknowledge Lehigh Valley's renewal of the Franchise and therefore is in breach of the agreement.

104.    Red Robin's actions and inactions serve to deprive Lehigh Valley of its benefit of a material provision of its bargain as was contemplated when the relationship was formed.

105.    The Northampton Agreement and Phoenix Agreement contain an implied covenant of good faith and fair dealing.

106.    The implied covenant of good faith and fair dealing operates as a supplement to the express contractual covenants to prevent Red Robin from engaging in conduct which frustrates Lehigh Valley's right to the benefits of its contract.

107.    The implied covenant of good faith and fair dealing creates a duty of good faith and fair dealing in the enforcement and performance of the Northampton Agreement and Phoenix Agreement.

108.    The implied covenant of good faith and fair dealing imposes upon Red Robin the duty to refrain from doing anything which would render performance of the Northampton Agreement and Phoenix Agreement impossible by its own act, but also the duty to do everything that the Northampton Agreement and Phoenix Agreement presupposes that it will do to accomplish its purpose.

109.    Red Robin owns and now operates more than 417 Red Robin restaurants.

110.    Lehigh Valley is one of just 14 Red Robin franchisees, and this number has and continues to diminish. Red Robin has acquired 4 Red Robin franchisees totaling 37 stores over the past three years.

111.   Very recently, Red Robin communicated to its investors that part of its "Capital Strategic Deployment" efforts includes "Franchise Acquisitions."

112.   It is reasonably believed and therefore averred that Red Robin's treatment of Lehigh Valley, which is contrary to the agreements between the parties and their prior course of dealings for more than 22 successful years, is the result of its concerted effort to accelerate its acquisition of Lehigh Valley's franchised Northampton Restaurant for its own benefit.

113.   It is reasonably believed and therefore averred that Red Robin is attempting to terminate the Northampton Agreement, not for any legitimate legal or business purpose, but rather to trigger the requirement under the Northampton Agreement that Lehigh Valley be required to sell all of its assets of the very profitable Northampton Restaurant to Red Robin. The Northampton Restaurant has a substantially higher annual sales volume than that of the average unit sales volumes of Red Robin owned restaurants.

114.   Red Robin's efforts to terminate Lehigh Valley's operation of a very profitable location cannot be explained unless Red Robin would derive some benefit from refusing to renew the Northampton Agreement.

115.   Pursuant to the Northampton Agreement, in the event that Lehigh Valley does not renew its franchise, Lehigh Valley would be required to sell all of its assets of the very profitable Northampton Restaurant to Red Robin.

116.   If Lehigh Valley is required to sell to Red Robin all of its assets of the Northampton Restaurant, Red Robin would effectively acquire a high performing and very profitable restaurant for itself and thereby realize its full profit potential, not just the royalties and other fees that it currently receives.

117.    Red Robin, by prematurely accelerating termination of its franchised restaurants, can rid itself of the franchisees and thereby attain its stated goal of "Franchise Acquisitions."

118.    Red Robin's actions in refusing to acknowledge Lehigh Valley's right to renew the Northampton Agreement violates the letter and spirit of the parties' relationship, and threatens the closure of one of its best-performing locations.

119.    By its actions and inactions as set forth above, Red Robin is in breach of its duty of good faith and fair dealing.

120.    As a result of this breach, Lehigh Valley has sustained damages in excess of $75,000 exclusive of interest and costs.

**Count V – Declaratory Judgment**
Area Development Agreement

121.    Lehigh Valley incorporates by reference all preceding paragraphs.

122.    Lehigh Valley brings this claim pursuant to 28 U.S.C. §§ 2201 and 2002 and F.R.C.P. 57.

123.    Pursuant to the Area Development Agreement, Lehigh Valley had a right to renew the Area Development Agreement, and timely and properly exercised this right.

124.    Red Robin has unreasonably and unlawfully failed and refused to acknowledge Lehigh Valley's exercise of its right to renew the Area Development Agreement.

125.    Based on the foregoing, an actual controversy exists between Lehigh Valley and Red Robin concerning renewal of the Area Development Agreement.

126.    To resolve this controversy, Lehigh Valley is entitled to a judicial declaration holding that the Area Development Agreement has been timely and properly renewed in the form of the Northampton Crossings Development Agreement Form.

## Count VI – Declaratory Judgment
Northampton Franchise

127.    Lehigh Valley incorporates by reference all preceding paragraphs.

128.    Lehigh Valley brings this claim pursuant to 28 U.S.C. §§ 2201 and 2002 and F.R.C.P. 57.

129.    Pursuant to the Northampton Agreement, Lehigh Valley had a right to renew the Franchise, and timely and properly exercised this right.

130.    Red Robin has unreasonably and unlawfully failed and refused to acknowledge Lehigh Valley's exercise of its right to renew the Northampton Agreement.

131.    Based on the foregoing, an actual controversy exists between Lehigh Valley and Red Robin concerning renewal of the Northampton Agreement.

132.    To resolve this controversy, Lehigh Valley is entitled to a judicial declaration holding that the Northampton Agreement has been timely and properly renewed and properly performed in the Franchise Agreement Form.

## Prayer for Relief

WHEREFORE, Lehigh Valley Restaurant Group, Inc., respectfully requests the following relief:

A)  An award of damages for Red Robin's acts or failure to act related to the Area Development Agreement and Addendum and Amendments in amounts to be proven at trial;

B)  An award of damages for Red Robins acts or failure to act related to the Northampton Franchise in amounts to be proven at trial;

C)  Declaring that Lehigh Valley has fully complied in all material respects with its obligations precedent to renewal of the Area Development Agreement;

D) Declaring that Lehigh Valley has fully complied in all material respects with its

obligations precedent to renewal of the Northampton Agreement;

E) An award of costs and expenses, including reasonable attorney's fees, incurred by

Lehigh Valley in this action;

F) Such further relief as the Court deems just and proper.

BARLEY SNYDER

Dated: _1-15-16_          By: _____

George W. Werner, Esquire
PA 28757 - gwerner@barley.com
Paul W. Minnich, Esquire
PA 74453 - pminnich@barley.com
Joshua L. Schwartz, Esquire
PA308189 – jschwartz@barley.com
126 E. King Street
Lancaster, PA 17602
T: 717-299-5201
F: 717-291-4660
Attorneys for Plaintiff