IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. WOODARD,                          :
                                            :
                        Petitioner,         :          CIVIL ACTION NO. 02-8543
                                            :
            v.                              :
                                            :
JOHN E. WETZEL, et al.,                     :
                                            :
                        Respondents.        :

## MEMORANDUM OPINION

Smith, J.                                                      February 29, 2016

The *pro se* prisoner movant has filed a motion seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Although somewhat unclear, he appears to be seeking relief from his state court judgment of sentence because the Superior Court of Pennsylvania determined that a statute under which he allegedly received a mandatory minimum sentence was unconstitutional under *Alleyne v. United States*, 131 S. Ct. 2151 (2013). Despite the movant's attempts to characterize his requested relief as relief properly available under Rule 60(b)(6), this motion raises a "claim" more properly designated as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. The movant has failed to obtain the required authorization from the Third Circuit Court of Appeals to file this second or successive section 2254 petition. Accordingly, the court will dismiss the motion because, without the movant obtaining prior consent from the Third Circuit to file a second or successive section 2254 petition, the court lacks subject-matter jurisdiction to consider its merits.

## I.      BACKGROUND AND PROCEDURAL HISTORY

From November 2002, when the *pro se* movant, Robert L. Woodard ("Woodard"), filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254, until November 17, 2015,

when Chief Judge Petrese B. Tucker reassigned this case to the undersigned, the Honorable William H. Yohn, Jr. presided over this matter and Woodard's other related cases challenging his state court conviction and sentence.  As such, the court incorporates Judge Yohn's most-recent description of the procedural history of this matter, including the relevant state-court history, which is as follows:

On December 10, 1992, following a jury trial in the Philadelphia Court of Common Pleas, Woodard was convicted of five counts of robbery, four counts of burglary, three counts of possessing an instrument of crime, and one count of rape. He was sentenced to a term of forty-eight to ninety-six years' imprisonment.

The Pennsylvania Superior Court affirmed Woodard's convictions and sentence on May 5, 1994, after which Woodard began a series of collateral attacks. Acting pro se, Woodard filed his first petition under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546 ("PCRA"), in the Court of Common Pleas of Philadelphia County on July 5, 1994. After the court appointed counsel to represent Woodard, counsel filed an amended PCRA petition on December 14, 1994. The court denied this amended petition on September 9, 1996, the Pennsylvania Superior Court affirmed on May 14, 1998, and the Pennsylvania Supreme Court denied allocatur on October 6, 1998. Woodard subsequently filed two additional PCRA petitions in 1998 and 2000, which were dismissed as untimely in 1999 and 2002, respectively. The Pennsylvania Superior Court affirmed both of these dismissals.

Woodard filed his first federal habeas petition under 28 U.S.C. § 2254 on November 19, 2002, which I dismissed as untimely on July 9, 2003. The Third Circuit denied Woodard's motion for a certificate of appealability on December 11, 2003, and denied his petition for rehearing on January 26, 2004.

Woodard then filed a second federal habeas petition under 28 U.S.C. § 2241 on March 9, 2005, which I denied on October 4, 2005, finding that Woodard had not asserted a claim cognizable on federal habeas review. Woodard filed a motion for reconsideration of that dismissal, which I denied on February 2, 2006. The Third Circuit denied Woodard's request to file a successive habeas petition on January 17, 2007.

On December 18, 2007, Woodard filed a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from the court's July 9, 2003 order dismissing his first habeas petition. I denied that motion on July 30, 2008. Woodard moved for reconsideration on August 12, 2008, which I denied on October 21, 2008.

2

On May 12, 2014, Woodard filed the instant motion under Rule 60(b)(6), again seeking relief from the court's July 9, 2003 order dismissing his first habeas petition. The District Attorney's Office filed a response, and Woodard filed a reply.

Memorandum at 1-2 (internal footnote omitted), Doc. No. 30.[1]

On September 11, 2014, Judge Yohn filed a memorandum opinion and order denying Woodard's Rule 60(b)(6) motion. Doc. Nos. 30, 31. Woodard filed a motion for reconsideration of the denial order on or about September 24, 2014.[2] Doc. No. 32. Judge Yohn denied the motion for reconsideration via an order on October 1, 2014. Doc. No. 34.

Woodard filed the instant "Motion to Vacate Order Denying Habeas Corpus Relief Pursuant to Fed.R.Civ.Proc. Rule 60(b)(6)" (the "Motion") on or about November 12, 2015. Doc. No. 34. Although Woodard requests that the court direct certain actions to occur, including, among other things, requiring the respondents to respond to the motion and scheduling oral argument, the court finds that the motion is ripe for resolution as it stands.

## II.    DISCUSSION

### A.    <u>Arguments Raised In The Motion</u>

In the Motion, Woodard claims that he is moving under Rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from the order denying his first habeas petition on July 9, 2003, based on the Supreme Court of the United States' decision in *McQuiggins v. Perkins*, 133

---

[1] Although not referenced in Judge Yohn's procedural history, the court notes that Woodard's section 2241 habeas petition was docketed and resolved at Civil Action No. 05-cv-1109. In addition, for unknown reasons, Woodard's first Rule 60(b) motion was docketed in this action and also at Civil Action No. 07-cv-5316.

[2] Although the Clerk of Court did not docket the motion until September 26, 2014, it appears under the prisoner mailbox rule that Woodard gave the motion to prison officials on September 24, 2014. Doc. No. 32 at ECF p. 14, 15. As such, the court has used September 24, 2014 as the filing date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (concluding that a *pro se* prisoner's notice of appeal was considered filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing").

S. Ct. 1924 (2013).  Motion at 1.[3]  He then states that "[t]he facts of this case are extraordinary in that it is admitted by the Commonwealth of Pennsylvania that the petitioner is actually innocent. However, to date, the Commonwealth has failed to vacate[] his conviction and has not allowed him review in the state court system."  *Id.*

Woodard does not go into any greater detail on the Commonwealth's purported admission of his innocence; instead, he indicates that as part of his sentence, the trial judge apparently sentenced him to a mandatory minimum sentence for brandishing a firearm under 42 Pa. C.S. § 9712.1 even though the jury had not found that he brandished a firearm.[4]  *Id.* at 2. Woodard then notes that in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014), the Superior Court of Pennsylvania determined that 42 Pa. C.S. § 9712.1 is unconstitutional under *Alleyne*.[5]  *Id.*

For the remainder of the motion, Woodard discusses why the court should treat this submission as a Rule 60(b) motion and not as a second or successive habeas petition.  *Id.* at 3-7. Woodard claims that "[t]he instant motion is the type that [the United States Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005)] held to be properly brought under Rule 60(b)(6).  It challenges only the ruling that Petitioner "failed to develop" his evidence in state court for purposes of 28 U.S.C. § 2254(e)(2)."  *Id.* at 5.

---

[3] Because Woodard's pagination is incorrect (he has two pages that could be considered page 1), the court will refer to the ECF page numbers when referencing the motion.

[4] Apparently, Woodard acknowledges that the jury convicted him of "using or carrying a firearm during and in relation to a crime of violence."  Motion at 2.

[5] He also references the Supreme Court of Pennsylvania's decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (2015), which held that "numerous provisions of [18 Pa. C.S. § 6317, which deals with drug-free school zones and includes a subsection providing for a mandatory two-year minimum sentence for individuals convicted of an offense under sections 13(a), 14, or 30 of The Controlled Substances, Drug, Device, and Cosmetic Act,] are constitutionally infirm under *Alleyne*." *Id.* at 262.  As briefly explained later in this opinion, this decision does not appear to apply to Woodard's state court convictions and sentence that he is challenging here.

### B.   <u>Analysis</u>

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party may file a motion seeking relief from "a final judgment, order, or proceeding" for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Any Rule 60(b) motion not raising a claim under reasons (1), (2), or (3), "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Also, with respect to Rule 60(b)(6) motions, "courts are to dispense their broad powers under [Rule] 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

In this case, because the court is faced with a Rule 60(b)(6) motion after Judge Yohn had denied a previous habeas corpus petition under section 2254, the court's ability to consider the merits of the Motion depends on whether the court can properly characterize it as a cognizable Rule 60(b)(6) motion or whether it is actually a second or successive habeas corpus petition for which Woodard needed authorization from the Third Circuit before filing it.[6]  Woodard correctly

---

[6] If the court determines that the Motion is a section 2254 habeas corpus petition, it would definitively constitute a "second or successive" section 2254 petition.

Section 2244(b) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(b)(3)(A).

Unfortunately, AEDPA does not define the phrase "second or successive" used in 28 U.S.C. § 2244(b). *See Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("Section 2244's strict procedural regime and substantive standards only apply if [the petitioner's] current petition is 'second or successive' within the meaning of the statute. Section 2244, however, does not define what constitutes a 'second or successive' petition."); *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a "second or successive" application], it does not define what is meant by 'second' or 'successive.'"). Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'" *Benchoff*, 404 F.3d at 817 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *see also Stewart*, 523 U.S. at 643 ("This may have been the second time that respondent had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)). Instead, the "second or successive" "doctrine . . . bar[s] claims that could have been raised in an earlier habeas corpus petition." *Benchoff*, 404 F.3d at 817 (citations omitted). Furthermore, "if a prisoner has filed a previous habeas petition that was adjudicated **on the merits**, he may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals." *In re Stitt*, 598 F. App'x 810, 811 n.1 (3d Cir. 2015) (emphasis added).

With respect to Woodard's first section 2254 petition filed in November 2002, Judge Yohn has already properly determined that his July 9, 2003 dismissal of that petition on statute-of-limitations grounds constituted an adjudication on the merits. *See Woodard v. DiGuglielmo*, No. 05-cv-1109, 2006 WL 293435, at *3 (E.D. Pa. Feb. 3, 2006) (citations omitted). This court notes that every circuit court that has addressed this issue has reached a similar conclusion to Judge Yohn. *See Shirley v. Davis*, 521 F. App'x 647, 648 (10th Cir. 2013) ("The dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive."); *Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b)." (citations omitted)); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764,

points out that the starting point with analyzing this issue is the Supreme Court's decision in *Gonzalez*.

In *Gonzalez*, the Court addressed "whether, in a [section 2254] habeas case, such motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b)." 545 U.S. at 526. In analyzing this issue, the Court pointed out that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 531. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.*

The Court then provided examples of Rule 60(b) motions containing claims that are "in substance a successive habeas petition and should be treated accordingly." *Id.* Those examples included: (1) "owing to 'excusable neglect,' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error and [the movant] seek[s] leave to present that claim[;]" (2) "seek[ing] leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied[;]" and (3) "contend[ing] that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim." *Id.*

The Court then explained that

> [a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a

766 (7th Cir. 2003) (explaining that "a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"); *see also Patterson v. Secretary, Fl. Dep't of Corr.*, No. 12-12653, 2016 WL 370660, at *14 (11th Cir. Jan. 29, 2016) (Pryor, J., Dissenting) ("When the 2006 [section 2254 habeas] petition was dismissed as untimely, [the petitioner] lost his one chance to obtain federal habeas relief."). Accordingly, any submission by Woodard that constitutes a section 2254 habeas corpus petition would necessarily be a "second or successive" petition.

state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 531-32 (emphasis in original) (footnotes omitted).

After *Gonzalez*, the relevant inquiry in deciding whether a Rule 60(b) motion is actually a second or successive habeas corpus petition is determining whether the motion advances a "claim." *See Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) (citing *Gonzalez*, 545 U.S. at 531). If, however, "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez*, 545 U.S. at 533.

Here, the only actual claim raised in the Motion is what appears to be an argument that Woodard received a sentence that was based, in part, on the application of a mandatory minimum sentencing scheme that the Pennsylvania appellate courts determined is unconstitutional after *Alleyne*.  The court has gone through all Woodard's submissions in his various federal habeas petitions and prior Rule 60(b) motions and he never raised any such claim prior to filing the Motion and it obviously was not included in his original habeas petition filed in 2002.  Although Woodard states that this new claim relates to a prior unidentified ruling that he "'failed to develop' his evidence in state court for purposes of 28 U.S.C. § 2254(e)(2)," the court does not find that, even if such a ruling existed, his argument here somehow relates to that determination.[7]  In other words, Woodard's argument in the Motion regarding the state appellate courts' determination that 42 Pa. C.S. § 9712.1 was unconstitutional under *Alleyne* has no relation to Judge Yohn's July 2003 decision that his section 2254 habeas petition was untimely.  Instead, this is a motion that "seeks to add a new ground for relief." *Gonzalez*, 545 U.S. at 532.  It also is an attempt to "circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"  *Id.* at 531-32.  Accordingly, the court concludes that this Rule 60(b)(6) motion is a second or successive section 2254 habeas corpus petition.

A district court does not have jurisdiction to consider a "second or successive" habeas petition challenging the same conviction as a prior petition unless the petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application" before he can raise such a claim in the district court.  28 U.S.C. § 2244(b)(3)(A); *see*

---

[7] This new claim could not relate to the denial of his first habeas petition as the denial was based on only Woodard's failure to file the petition within the applicable statute of limitations.  *See* Report and Recommendation at 3-8, Doc. No. 12; Order, Doc. No. 15.

*Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." (citing 28 U.S.C. § 2244(b)(3)(A)). Woodard has not indicated that he obtained permission from the Third Circuit Court of Appeals to file the Motion. To the contrary, he argues that he did not need to do so because he believes that the Motion is a proper Rule 60(b)(6) motion. As Woodard's belief is incorrect and he has failed to get prior approval by the Third Circuit, the court will dismiss the Motion for lack of jurisdiction. *See Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").[8]

### C.   Certificate of Appealability

The court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because Woodard has failed to make a substantial showing of the denial of a constitutional right or

---

[8] 28 U.S.C. § 1631 provides in pertinent part that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action  . . . could have been brought at the time it was filed." *Id.* While the court is precluded from addressing the merits of the Motion because the court lacks jurisdiction, the court will not transfer this action to the Third Circuit because the interests of justice do not require it. In particular, Woodard's arguments regarding the application of *Alleyne* or the Pennsylvania Superior Court decisions in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), as forming some basis for relief are patently meritless as none of those cases constitute a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *See United States v. Reyes*, 755 F.3d 210, 212-13 (3d Cir. 2014) (concluding that the Supreme Court has not made *Alleyne* retroactive to cases on collateral review). In addition, while this does not affect the court's resolution of the issues here, the Superior Court has recently rejected a similar claim by Woodard under the PCRA. *See Commonwealth v. Woodard*, No. 968 EDA 2015, 2015 WL 8676476 (Dec. 14, 2015).

demonstrate that a reasonable jurist would debate the correctness of this ruling.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.    CONCLUSION

Although Woodard contends that "[t]he issues to be resolved in this litigation are complex[,]" *see* Motion at 6, in reality the issues are quite simple to resolve.  Woodard raises one claim in the Motion, namely whether he is entitled to some sort of relief with respect to his sentence because the Pennsylvania Superior Court has concluded that the statute under which he received a mandatory minimum sentence (as part of his overall sentence) was unconstitutional under *Alleyne*.[9]  Woodard is seeking to challenge the same judgment of conviction and sentence as he did in 2002, and the prior judgment on that section 2254 petition was on the merits.[10]  He has not attempted to attack a "defect in the integrity of the [prior] federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.  Therefore, although Woodard attempts to portray this Motion as a Rule 60(b)(6) motion that would allow him to bypass the requirements of a "second or successive" section 2254 habeas corpus petition, the Motion raises a "claim" as defined by *Gonzalez* and, as such, it is in actuality a "second or successive" section 2254 petition.  As Woodard has failed to obtain prior approval from the Third Circuit before filing this "second or successive" petition, this court lacks subject-matter jurisdiction to address the merits of the

---

[9] The court recognizes that Woodard references that he is somehow entitled to relief under *McQuiggins v. Perkins*, 133 S. Ct. 1924 (2013).  In *McQuiggins*, the Court held that in rare cases, federal habeas petitioner can overcome a procedural bar or untimeliness under the statute of limitations by making a convincing showing of "actual innocence."  *McQuiggins*, 133 S. Ct. at 1928.  There is nothing contained in the Motion relating to a showing of "actual innocence."  Woodard also provides no support for his unsubstantiated assertion that the Commonwealth of Pennsylvania has somehow acknowledged his innocence.  Furthermore, even if Woodard was somehow entitled to relief based on the decisions in *Valentine* and *Newman*, he has not offered any "new evidence" to establish his actual innocence.  He surely has not referenced any evidence sufficiently convincing to make it "more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 1935 (citation omitted).

[10] Essentially, Woodard is only challenging the sentence and not any convictions.  Even if Woodard was entitled to relief, his remedy would be limited to resentencing without consideration of the mandatory minimum sentence.  *See, e.g., Commonwealth v. Bason*, No. 344 EDA 2013, 2014 WL 10753721, at *3 (Pa. Super. Dec. 11, 2014) ("Because *Alleyne* and *Newman* render 9712 unconstitutional, we vacate the judgment of sentence and remand for resentencing without consideration of any mandatory minimum sentence as provided by section 9712.").

11

Motion.  Accordingly, the court will dismiss the Motion.[11]  The court will also deny Woodard's request to have counsel appointed on his behalf.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[11] To the extent that the Motion somehow constitutes a Rule 60(b)(6) motion, the Third Circuit (albeit in an unpublished memorandum opinion) has already rejected an argument that *Alleyne* could somehow support the extraordinary circumstances necessary for relief under Rule 60(b)(6).  *See Romero v. Florence FCI*, 550 F. App'x 72, 74 (3d Cir. 2014) (rejecting claim that Supreme Court's decisions in *Alleyne* and *Peugh v. United States*, 133 S. Ct. 2072 (2013) could support Rule 60(b)(6) relief and noting that "no other court of appeals has granted Rule 60(b)(6) relief on the basis of either *Peugh* or *Alleyne*").  In addition, it would appear that he did not file the motion within a "reasonable time" because the main bases for his argument, *Newman* and *Valentine*, were decided in August 2014 and October 2014, respectively, and he did not file this Motion until November 2015.  Also, his belated attempt cannot be saved by simply referring to *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), as the decision in that case dealing with the mandatory minimum sentences in drug-free school zones (18 Pa. C.S. § 6317(a)) has no apparent applicability to his convictions and sentence in this case.